(III So. 664)

No. 27840.

**PORTER et al. v. PORTER et al.**

(Jan. 31, 1927.   Rehearing Denied Feb. 28, 1927.)

*(Syllabus by Editorial Staff.)*

**I. Partition ⬡50—Children of surviving widow may not, during her life plead nullity of partition for failure to make her party thereto.**

Children of surviving widow have no interest, during her life, to assert her rights to lands of deceased husband, nor to plead in her behalf nullity of partition because of failure to make her a party thereto.

**2. Sales ⬡50—Person receiving and appropriating price of sale cannot thereafter question validity of such sale.**

Person who receives price of a sale and appropriates it to his own use thereby ratifies it, and cannot be heard thereafter to question validity of such sale.

**3. Infants ⬡29 — Minors receiving property after emancipation with no offer to return it are estopped to attack judgment and proceedings in partition.**

Where minors, after being fully emancipated and relieved from all disabilities attaching to minors, received property according to partition previously made and made no offer to return property as interest in their deceased father's estate, they are estopped to attack judgment and proceedings in partition.

Appeal from Fifteenth Judicial District Court, Parish of Vermilion; F. J. Samson, Judge ad hoc.

Suit by Allen J. Porter and others against Julien Porter and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

J. Matt Buatt and W. J. Carmouche, both of Crowley, for appellants.

Nugier & Gordy and Kitchell & Boudreaux, all of Abbeville, for appellees.

THOMPSON, J.   Andrew Jackson Porter died on January 12, 1908, leaving some real and personal property, part of which was his separate property and part belonging to the community of his last marriage.

He had been married three times and was survived by the widow of his third marriage, one child of his first marriage, six children, and the representatives of two predeceased, of his second marriage, and four by his third marriage.

The heir of the first marriage and three of the second marriage brought a suit for a partition of the whole property against all of the other heirs who were made parties defendant. The minors who had no tutors were represented by special tutors appointed by the court. The surviving widow who owned only the community interest in 40 acres of land was not made a party to the suit.

Family meetings were held in the interest of the several minor heirs and advised that all movable property be sold for cash and that all immovable property be sold one-third cash and the balance in one, two, and three years, the interest of the minors to be sold for not less than two-thirds of the inventory value.

Judgment was rendered on March 16, 1908, recognizing the several heirs and ordering a sale of the property at public auction in accordance with the recommendation of the several family meetings.

The judgment further ordered that all parties to the suit be referred to a named notary public for the purpose of completing the partition.

Acting under this judgment the sheriff made a sale of the property, after due advertisement, on March 4, 1908; the said sale realizing the sum of $7,965.10.

A partition of the proceeds of the sale was made between all of the heirs by the notary appointed for that purpose by the judge.

This act of partition and distribution was signed by all of the heirs either in person, by their tutors, or tutors ad hoc appointed by the court.

The four heirs presently complaining were issue of the third marriage and were represented in the partition proceedings by tutors ad hoc; their mother having failed and refused to be confirmed as natural tutrix.

The act of partition was approved by judgment of the court on June 16, 1908.

Thereafter Julien Porter petitioned the court for the appointment of a dative tutor and under tutor to the minors Ellen (Allen), Bernice, Ralph, and George Porter, the plaintiffs in this suit; their mother having persisted in her refusal to be confirmed as natural tutrix.

A family meeting was held which recommended the appointment of Julien Porter as tutor and Onezine Trahan as under tutor, and they were accordingly so appointed by the court and qualified.

Subsequently the tutor thus appointed presented a petition to the court, in which he alleged that he had received and held for said minors the sum of $2,150.40, their interest in the proceeds of the property sold in order to effect a partition. He prayed for the convocation of a family meeting in the interest of the minors and to advise whether the said funds should be invested in certain real estate.

The family meeting was duly held and recommended that it was to the interest of the minors to purchase for them 66 acres of land which was specially described; the said family meeting being of the opinion that the said land and improvements was well worth the said sum of $2,150.40.

The proceedings of the family meeting were concurred in by the under tutor and duly approved by the court and the tutor was accordingly authorized to buy the land for the minors.

The purchase was made on behalf of said minors on November 8, 1911.

On January 13, 1917, Allen J. Porter, one of the minors, who had been fully emancipated by judgment of the court, sold his undivided interest in the said land to one Numa Lege for a cash consideration of $375.99.

On January 30, 1924, the said Numa Lege, Bernice, Ralph, and George, the last three having been duly emancipated by judgment of the court, entered into an extrajudicial partition, by which the said Lege was allotted a certain specified portion of said land; the balance being reserved to the last-named three parties in indivision.

In this act of partition it was declared that the property thus partitioned was worth $2,-000.

The emancipated minors Bernice, George, and Ralph Porter took possession of the property allotted to them in indivision in the partition with their co-owner, Numa Lege, and rented the same for 1925, for which they received $125.

Julien Porter then presented his final account as dative tutor, which was duly approved by the court contradictorily with the under tutor, and the said tutor was discharged from his trust and responsibility as tutor.

On March 16, 1924, the four plaintiffs who are the heirs of the third marriage of their father filed this suit, in which it is alleged that they own in indivision with the other heirs and the several vendees of the interest of some of the heirs the land which was sold by the sheriff to effect a partition of the estate of their father. They also attack the judgment and proceedings in partition on numerous grounds set out in the petition. They prayed that said proceedings be decreed absolute nullities and that they be recognized as owners in indivision to the extent of one-thirteenth each in the land so attempted to be partitioned.

The suit was met with several exceptions, of no cause of action, prescription, and estoppel, which were referred to the merits. The defendant heirs and the purchasers from

some of the heirs then answered, affirming the regularity and legality of all of the proceedings appertaining to the judicial partition and the sale made by the sheriff thereunder.

After a trial on the merits, the judge ad hoc sustained the plea of estoppel filed by the defendants and warrantors and rejected the plaintiffs' demand.

As the plea of estoppel is so manifestly well founded both in law and in fact, it becomes unnecessary to discuss the numerous complaints made by the plaintiffs against the judgment of partition and the sheriff's sale.

As we have already observed, all of the heirs, including the four plaintiffs, were represented in the partition proceedings; those of age appeared in person, and those who were minors were represented by tutors ad hoc appointed by the court.

It is true the surviving widow was not made a party to the suit, but she only owned a half interest in forty acres of the land which was inventoried as the separate property of plaintiffs' father and was sold as such along with the other lands belonging to the heirs.

[1] The widow is not a party to this suit. She has made no claim for her interest in the 40-acre tract, and the plaintiffs, her children, have no interest during her life to assert her rights to the land, nor to plead in her behalf the nullity of the partition because she was not made a party thereto.

[2] It needs no citation of authority to sustain the proposition that a person who receives the price of a sale and appropriates it to his own use thereby ratifies the sale, and cannot be heard thereafter to question the validity of such sale.

[3] Here all of the plaintiffs, after being fully emancipated and relieved from all disabilities which attach to minors, received the property which had been purchased for them with the proceeds of the sale of the property now sought to be revindicated, partitioned the said property so received by them, and were enjoying the fruits and revenues from said property at the time of the institution of this suit.

They have made no offer to return the property they have accepted as their interest in their father's estate, and indeed it is beyond their power to do so, because a portion thereof has passed into the hands of an innocent purchaser.

The plea of estoppel was properly sustained, and that judgment is affirmed.